UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILLIAM L. EDWARDS,

                       Plaintiff,                    MEMORANDUM OPINION
v.                                                   AND ORDER

HENRY M. DANIELS, et al.,                   17-CV-05018 (PMH)

                       Defendants.
-----------------------------------------------------------X

Judge Vincent L. Briccetti held a status conference in this case on February 24, 2020 to discuss certain discovery sought by Plaintiff. An Order was subsequently issued, whereby Judge Briccetti deferred ruling on Defendants' obligation, if any, to provide Plaintiff with certain Department of Corrections directives (the "DOC Directives"). *See* Doc. 155. Judge Briccetti directed Defendants to provide the DOC Directives at issue for *in camera* inspection to determine if it was necessary for Defendants to produce the DOC Directives to Plaintiff. *Id.* After this case was transferred to me, on April 30, 2020, another status conference was held at which, *inter alia*, I ordered that the Defendants provide the DOC Directives to me for *in camera* inspection and granted Plaintiff's request that Defendants produce to Plaintiff an Office of Special Investigation ("OSI") "tracking sheet," if such a "tracking sheet" existed. *See* Doc. 162.

By email dated April 30, 2020, Defendants provided the Court with the DOC Directives for *in camera* inspection. By letter dated May 6, 2020, Defendants informed the Court that no "tracking sheet" exists and that Plaintiff had already been provided the opportunity to review his OSI file by visual inspection on September 20, 2019. Doc. 163. Defendants further noted that the software used by OSI to store documents is called "Case Tracking." *Id.* Therefore, Plaintiff's request that he be provided with the OSI "tracking sheet" is denied as no such document is available from Defendants' file.

1

Before the Court is Plaintiff's request that Defendants produce to him the DOC Directives submitted for this Court's *in camera* review. After reviewing the DOC Directives, the Court denies Plaintiff's request for production of the DOC Directives.

Stated briefly, Plaintiff alleges that Defendant Argibay beat Plaintiff and used excessive force on Plaintiff after Defendant Argibay learned that Plaintiff intended to file a grievance against him. *See generally* Doc. 17. Plaintiff alleges that other Defendants were aware of and covered up the beating. *Id.*

On March 20, 2019, the Court granted in part and denied in part Defendants' motion to dismiss. *See* Doc. 83. Specifically, the Court found that Plaintiff's excessive force, failure to intervene, conspiracy, and intentional infliction of emotional distress claims against certain Defendants could proceed past the pleading stage. *Id.* The question this Court must address is whether the DOC Directives at issue are discoverable considering Plaintiff's surviving claims.

Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 sets forth an "obviously broad rule" regarding relevance that is to be "liberally construed" by the courts. *During v. City Univ. of New York*, No. 05-CV-6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)). "Information is relevant if it 'has any tendency to make a fact more or less probable' and 'the fact is of consequence in determining the action.'" *Johnson v. Doty*, No. 15-CV-7823, 2020 WL 1244236, at *1 (S.D.N.Y. Mar. 16, 2020) (quoting *McFarlane v. First Unum Life Ins. Co.*, No. 16-CV-7806, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017)). However, where "the information requested has no conceivable bearing on the case," discovery of the requested material should be denied. *Evans v. Calise*, No. 92-CV-

8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Williams v. Fire Sprinkler Assocs. Inc.*, No. 15-CV-3147, 2017 WL 1155771, at *2 (E.D.N.Y. Mar. 27, 2017) ("The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." (quoting *Barbara v. MarineMax, Inc.*, No. 12-CV-368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013))). A "district court has broad latitude to determine the scope of discovery and to manage the discovery process." *Williams,* 2017 WL 1155771, at *2 (quoting *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) (collecting cases)).

The DOC Directives produced for *in camera* review include: (1) Directive #4494 - Use of Physical Force, (2) Directive #2111 – Report of Employee Misconduct, (3) Directive #2112 – Report of Criminal Charges, (4) Directive #4009 – Minimum Provisions for Health and Morale, (5) Directive #4040 – Inmate Grievance Program, and (6) Directive #4910 – Control of and Search for Contraband. These DOC Directives provide DOC policy regarding: (1) corrections officers' use of physical force (Directive #4494); (2) employee misconduct and related procedures (Direction #2111); (3) employees charged with a crime and related procedures (Directive #2112); (4) minimum standards for inmate cleanliness and health, including standards for keeping cells clean and operable, what items must be provided to inmates, and regulations related to showering, exercise, visitation, and food (Directive #4009); (5) procedures by which an inmate can file a grievance (Directive #4040); and (6) searches of inmates and cells for contraband materials (Directive #4910).

Defendants assert that these directives need not be produced for two reasons. First, Defendants argue that these documents implicate the law enforcement privilege and other security issues because "[t]he Directives contain information pertinent to the inner workings of the prison, security matters, confidential matters and disclosure would compromise the safety and security of

the facility." Doc. 150 at 2. Second, Defendants argue that the Directives are "beyond the scope of and unimportant to the resolution of this action." *Id.*; *see also* Doc. 157 at 2 ("[S]ince violations to prison directives are not subject to federal lawsuits, they are irrelevant and have no probative value. A section 1983 claim brought in federal court is not the appropriate forum to raise violations of prison regulations.").

The Court does not reach the question of whether, or the extent to which, the DOC Directives contain privileged or other security information requiring a protective order because, after reviewing the DOC Directives, the Court finds that the DOC Directives are simply not relevant to Plaintiff's claims. The DOC Directives at issue cannot help Plaintiff prove his claims at trial. Plaintiff's excessive force and failure to intervene claims, brought pursuant to 42 U.S.C. § 1983, allege violations of Plaintiff's Eighth Amendment rights. *See Mateo v. Fischer*, 682 F. Supp. 2d 423, 432 (S.D.N.Y. 2010) ("The Eighth Amendment proscribes the unnecessary and wanton infliction of pain . . . [and t]hus prison officials may not use excessive force against prisoners" (internal quotations and citations omitted)); *see also Samuels v. Fischer*, 168 F. Supp. 3d 625, 646 (S.D.N.Y. 2016) ("Under the Eighth Amendment, prison officials must take reasonable measures to guarantee the safety of inmates in their custody . . . [and] prison officials[] can be held liable under § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence." (internal quotations and citations omitted)). Even if Plaintiff were to demonstrate that Defendants violated the DOC Directives, such a demonstration would not help Plaintiff prove that Defendants violated his Eighth Amendment rights by either using excessive force or by failing to intervene. *See Hyman v. Holder*, No. 96-CV-7748, 2001 WL 262665, at *6 (S.D.N.Y. Mar. 15, 2001) ("To the extent that [plaintiff] claims defendants failed to follow prison regulations, such as directives concerning the

implementation of disturbance control plans or the failure to include the specific roles of other prisoners in the inmate misbehavior report, these state law violations are not cognizable under § 1983."). Whether Defendants violated DOC's internal policies simply has no bearing on whether Plaintiff can prove a violation of his Eighth Amendment rights. Therefore, the DOC Directives are not relevant to Plaintiff's Eighth Amendment claims concerning excessive force and failure to intervene.

The directives also are not relevant to Plaintiff's other remaining claims. Plaintiff can prove his conspiracy claim by demonstrating (1) "an agreement between two or more state actors or between a state actor and a private entity"; (2) "to act in concert to inflict an unconstitutional injury"; and (3) "an overt act done in furtherance of that goal[,] causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Plaintiff can prove his intentional infliction of emotional distress claim by proving "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Sesto v. Slaine*, 171 F. Supp. 3d 194, 201 (S.D.N.Y. 2016) (quoting *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir.1996)). The DOC Directives are not relevant to Plaintiff's conspiracy or intentional infliction of emotional distress claims and could not be used by Plaintiff to help him prove these claims at trial.

Therefore, the Court finds that the DOC Directives are irrelevant to Plaintiff's claims, and, therefore, Defendants need not produce the DOC Directives. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, for the reasons set forth herein, the Court denies Plaintiff's request that he be provided with the DOC Directives at issue.

Dated: New York, NY
       June 9, 2020

**SO ORDERED.**

_____
Philip M. Halpern
United States District Judge