UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM L. EDWARDS,

                Plaintiff,

-against-

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                Defendants.

**MEMORANDUM OPINION
AND ORDER**

17-CV-05018 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff William L. Edwards ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against Defendants alleging, *inter alia*, claims under 42 U.S.C. § 1983 and New York State law in connection with the alleged use of excessive force against him on or about June 26, 2014. (*See* Doc. 17; Doc. 83). This matter was reassigned from Judge Briccetti to this Court on March 17, 2020, while the parties were engaged in discovery.

The Court held a telephonic conference on April 30, 2020. Counsel for Defendants ("Counsel") and Plaintiff appeared. As a result of that conference, the Court issued an Order directing, *inter alia*, as follows:

> Defense counsel shall provide Plaintiff a new HIPAA authorization for Plaintiff's medical records at Fishkill. Once received, the Plaintiff is to sign and send back to Defense counsel. Once completed, Defense counsel shall provide Plaintiff any correspondence between Plaintiff and Sing Sing Correctional Facility's Office of Mental Health Unit Chief, exchanged in August or September 2014, to the extent such correspondence exist[s].

(Doc. 162).

On July 3, 2020, Counsel filed a letter to provide an update regarding the status of Plaintiff's HIPAA authorization. (Doc. 165). Counsel advised the HIPAA form was sent to

Plaintiff on May 8, 2020. (*Id*.). On the date of that letter, July 3, 2020, Counsel received a phone call from Plaintiff advising that he had not received his mental health records. (*Id*.). Plaintiff indicated that he never received the HIPAA authorization but, when Counsel indicated she would "immediately mail another HIPAA" form after verifying his address, Plaintiff "yelled about the case and hung up the phone." (*Id*.). Counsel sent another HIPAA to Plaintiff via UPS. (*Id*.).

On October 14, 2020, the Court issued an Order wherein it noted that "there has been no activity on this docket since July 3, 2020," and directed the parties to file "a joint letter . . . concerning the status of this action by October 23, 2020." (Doc. 166). The Court directed the Clerk of the Court to mail a copy of the October 14, 2020 Order to Plaintiff. (*Id*.).

On October 23, 2020, Counsel filed a letter advising, *inter alia*, that the HIPAA form sent via UPS was delivered on July 24, 2020, but that Plaintiff had not yet returned it. (Doc. 167). There is no indication that this letter was submitted on behalf of all parties and Plaintiff never filed a separate response to the Court's October 14, 2020 Order. Indeed, it does not appear that Plaintiff has participated in this action since appearing telephonically at the April 30, 2020 conference. The October 14, 2020 Order mailed to Plaintiff was returned shortly thereafter, on October 27, 2020, "for the following reason(s): Return To Sender Attempted – Not Known Unable To Forward." (Oct. 27, 2020 Entry).

Under Federal Rule of Civil Procedure 41(b), "a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution . . . ." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015) (dismissing pro se plaintiff's complaint for want of prosecution

after the plaintiff failed to file an amended complaint or submit other filings to the court for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015) (dismissing pro se plaintiff's complaint for want of prosecution after the plaintiff failed to respond for six months).

Accordingly, it is hereby ordered that Plaintiff show cause in writing on or before March 26, 2021, why this action should not be dismissed without prejudice for want of prosecution pursuant to Rule 41(b). Failure to respond to this Order will result in dismissal of this case without prejudice for want of prosecution.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on the docket.

**SO ORDERED:**

Dated:  White Plains, New York
        February 25, 2021

_____
PHILIP M. HALPERN
United States District Judge