UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM L. EDWARDS,

                  Plaintiff,

-against-

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                  Defendants.

**ORDER**

17-CV-05018 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff William L. Edwards ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against Defendants alleging, *inter alia*, claims under 42 U.S.C. § 1983 and New York State law in connection with the alleged use of excessive force against him on or about June 26, 2014. (*See* Doc. 17; Doc. 83). This matter was reassigned from Judge Briccetti to this Court on March 17, 2020, while the parties were engaged in discovery.

The Court held a telephonic conference on April 30, 2020. Counsel for Defendants ("Counsel") and Plaintiff appeared. (*See* Apr. 30, 2020 Entry). As a result of that conference, the Court issued an Order directing, *inter alia*, as follows:

> Defense counsel shall provide Plaintiff a new HIPAA authorization for Plaintiff's medical records at Fishkill. Once received, *the Plaintiff is to sign and send back to Defense counsel*. Once completed, Defense counsel shall provide Plaintiff any correspondence between Plaintiff and Sing Sing Correctional Facility's Office of Mental Health Unit Chief, exchanged in August or September 2014, to the extent such correspondence exist[s].

(Doc. 162 (emphasis added)).

On July 3, 2020, Counsel filed a letter providing an update regarding the status of Plaintiff's HIPAA authorization. (Doc. 165). Counsel advised that the HIPAA form was sent to Plaintiff on

May 8, 2020. (*Id*.). On the date of that letter, July 3, 2020, Counsel received a phone call from Plaintiff advising that he had not received his mental health records. (*Id*.). Plaintiff represented that he never received the HIPAA authorization that the Court directed he complete, but when Counsel indicated that she would "immediately mail another HIPAA" form, Plaintiff "yelled about the case and hung up the phone." (*Id*.). Counsel sent another HIPAA to Plaintiff via UPS. (*Id*.).

On October 14, 2020, the Court issued an Order wherein it noted that "there has been no activity on this docket since July 3, 2020," and directed the parties to file "a joint letter . . . concerning the status of this action by October 23, 2020." (Doc. 166). The Court directed the Clerk of the Court to mail a copy of the October 14, 2020 Order to Plaintiff. (*Id*.). The Clerk complied with the Court's directive and mailed the Order to Plaintiff the same day. (Oct. 14, 2020 Entry).

On October 23, 2020, Counsel filed a letter advising, *inter alia*, that the HIPAA form sent to Plaintiff via UPS was delivered on July 24, 2020, but that Plaintiff had not yet returned it. (Doc. 167). There is no indication that this letter was submitted on behalf of all parties and Plaintiff never filed a separate response to the Court's October 14, 2020 Order. Indeed, it does not appear that Plaintiff has participated in this action since appearing telephonically at the April 30, 2020 conference. The October 14, 2020 Order mailed to Plaintiff was returned shortly thereafter, on October 27, 2020, "for the following reason(s): Return To Sender Attempted – Not Known Unable To Forward." (Oct. 27, 2020 Entry).

In light of Plaintiff's failure to participate in this action, on February 25, 2021, the Court issued an Order to Show Cause warning Plaintiff that this action would be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) unless, on or before March 26, 2021, he "show[ed] cause in writing . . . why this action should not be dismissed for want of prosecution . . . ." (Doc. 170). According to the docket, the Clerk of the Court mailed a copy of the Order to Show

2

Cause to Plaintiff at 881 East 162nd Street, Apt. #1-B, Bronx, New York 10459 on February 26, 2021. (Feb. 26, 2021 Entry). The deadline has passed, the envelope mailed to Plaintiff has not been returned, and Plaintiff has not filed anything with the Court.

## STANDARD OF REVIEW

The Second Circuit has recognized that under Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* action for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper here. As to the first factor, Plaintiff has failed to respond to comply with the Court's instruction that he provide Counsel with an executed HIPAA authorization since April 30, 2020—almost one full year ago. In July 2020, Counsel advised the Court that Plaintiff had not executed a HIPAA authorization and, it appeared, Plaintiff did not intend to do so. (Doc. 165). On October 14, 2020, the Court issued an Order instructing the parties to file "a joint letter . . . concerning the status of this action by October 23, 2020." (Doc. 166). Counsel thereafter filed a letter explaining

that she sent Plaintiff a new HIPAA authorization in July, that it had been delivered, and that no completed form had been returned. (Doc. 167). In light of Plaintiff's failure to participate in this action, the Court issued an Order to Show Cause and directed Plaintiff to "show cause in writing on or before March 26, 2021, why this action should not be dismissed without prejudice for want of prosecution pursuant to Rule 41(b)." (Doc. 170). There has been no response. Plaintiff's failure to comply with the Court's directives supports dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Osborn v. Montgomery*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) ("[C]ourts within this District have found five-month delays significant enough to justify dismissal."), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018); *Lewis*, 2015 WL 4620120, at *3-4.

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action without prejudice. The February 25, 2021 Order to Show Cause warned that the case would be dismissed unless Plaintiff responded. (Docs. 170). This warning supports dismissal. *See Whitley v. Bowden*, No. 17-CV-03564, 2021 WL 706647, at *3 (S.D.N.Y. Feb. 23, 2021); *Evans v. City of Yonkers*, No. 19-CV-00794, 2020 WL 7496356, at *3 (S.D.N.Y. Dec. 18, 2020); *Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and, in fact, does not appear to have participated in this action since appearing for a conference approximately one year ago. (*See* Apr. 30, 2020 Entry).

5

Fourth, the Court has balanced the need to alleviate court congestion with Plaintiff's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). The Court directed Plaintiff to execute a HIPAA authorization so that discovery could proceed; he has not complied with that instruction and, after almost a year of silence, there is no reason to believe that he intends to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on the docket and terminate this action.

                                                    **SO ORDERED:**

Dated:   White Plains, New York
             March 30, 2021

                                                PHILIP M. HALPERN
                                                United States District Judge